## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Ann Belew,<br><br>          Plaintiff,<br><br>v.<br><br>Pinnacle Recovery, Inc.,<br><br>          Defendant. | Case No. 0:17-cv-03461<br><br><br><br>**COMPLAINT**<br><br><br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff Ann Belew (hereinafter "Plaintiff") is a natural person who resides in the City of Rosemount, County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Pinnacle Recovery, Inc. (hereinafter "Defendant") is a foreign collection agency with its principal office located at 2774 Gateway Road, Carlsbad, California 92009, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

## FACTUAL ALLEGATIONS

8. Defendant alleges that Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a timeshare loan with Westgate Resorts.

9. Sometime after this alleged debt went into default, it was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

***Defendant's Attempt to Collect this Debt in Violation of the Electronic Funds Transfer Act, and its Abusive Language and Unfair Treatment of Plaintiff***

10. On or about June 22, 2017, Plaintiff called Defendant in response to a collection letter she received from Defendant that offered a settlement, and she spoke with Defendant's collection agent about this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. During this June 22, 2017 collection call, Defendant's collection agent agreed to settle this alleged debt with Plaintiff for total payment of $500, which Plaintiff was to make over two equal payments of $250; one payment on July 7, 2017 and the final payment on July 21, 2017.

12. In an effort to secure payment, Defendant's collector solicited and obtained Plaintiff's personal bank account information in order to initiate a series of electronic funds transfers, which were subject to the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*, and Regulation E ("Reg. E"), 12 C.F.R. § 1005.

13. However, Defendant failed to obtain written authorization from Plaintiff for these multiple electronic funds transfers as required by, and in violation of, the EFTA and Reg. E at 15 U.S.C. § 1693e and 12 C.F.R. § 1005.10(b).

14. Defendant also failed to provide Plaintiff with a written copy of this authorization for these multiple electronic funds transfers as required by, and in violation of, the EFTA and Reg. E at 15 U.S.C. § 1693e and 12 C.F.R. § 1005.10(b).

15. During this June 22, 2017 collection call, Plaintiff even asked Defendant's collector if she could have this agreement in writing before making the payments, but Defendant's agent directly contradicted the requirements of the EFTA and Reg. E by telling Plaintiff they could not send her anything in writing until after the payments were made.

16. Defendant's attempt to obtain multiple electronic funds transfers from Plaintiff during this call without complying with the EFTA and Reg. E, and the false representation that it could not provide Plaintiff with written authorization for these electronic payments, was a false and misleading attempt to collect this alleged debt and a threat to take action that cannot legally be taken in violation of the FDCPA.

17. Thereafter, on or about July 6, 2017, Plaintiff called Defendant and spoke with Defendant's collection agent about this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18. During this July 6, 2017 call, Plaintiff explained that she was having a hard

time coming up with the first $250 payment and asked Defendant's collector if they could take a lessor amount from the first payment and a larger amount to cover the remaining balance of the $500 with the second and final payment.

19. Defendant's collection agent refused to take the lessor amount and threatened to revoke the settlement agreement entirely, or words to that effect.

20. Plaintiff further explained that she wanted to keep the $500 settlement in place but that her budget was very tight at the moment because she is a single mom that works three jobs and was struggling to keep up on medical bills from a cancer surgery, so she was just hoping to be able to make a lower first payment.

21. Defendant's collection agent responded that Plaintiff should stop making excuses and blaming everyone else for her own buyer's remorse, or words to that effect, and started to put Plaintiff down about not paying this bill in an effort to disgrace Plaintiff.

22. These comments from Defendant's collector offended Plaintiff and made her feel disrespected, and Plaintiff became emotional with Defendant's collector to the point where she asked to speak with a supervisor.

23. Defendant's collector said he would transfer Plaintiff to a supervisor, but then the call was disconnected.

24. Plaintiff was panicked that the settlement agreement would no longer be in place, so she called Defendant back until she could get ahold of someone to

speak with her about this payment arrangement.

25. After several calls, Plaintiff was finally able to speak with another collection agent for Defendant on July 6, 2017 about this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

26. As soon as Defendant's collection agent got on the phone, she told Plaintiff that there was already an agreement in place and that the first $250 payment would come out as agreed, or words to that effect.

27. The collection agent continued, saying it was Plaintiff's choice to either pay the $500 and keep the arrangement as is, or Defendant would come after her for the full amount, or words to that effect.

28. Plaintiff responded that she was okay with paying the $500 and wanted to keep the agreement, but that she would only be able to pay $150 with the first payment.

29. Defendant's collector responded by mocking Plaintiff and condescending her by repeating Plaintiff's last name over and over again saying, "Belew, Belew, Belew, Belew" and laughing.

30. Defendant's collection agent then told Plaintiff that she was going to pull her credit report.

31. Plaintiff pleaded with Defendant's collector not to pull her credit report and

then said she would pay the $250.

32. In response, Defendant's collection agent said that it was too bad, and that they were going to pull her credit report and come after her for the full amount of the alleged debt, or words to that effect.

33. Plaintiff was panicked at this point and told Defendant's collector that they could take the full $250.

34. However, Defendant's collection agent responded by laughing and telling Plaintiff it was too late and that the settlement was gone, or words to that effect.

35. Plaintiff was shaking and could not handle it anymore, so she hung up the phone.

36. Plaintiff felt nauseous and started to cry, not knowing if Defendant was going to take the $250 or come after her for the full amount of the alleged debt.

37. During these collection calls on July 6, 2017, Defendant used language with Plaintiff that insulted, abused and disgraced her in violation of multiple provisions of the FDCPA, including 15 U.S.C. §§ 1692d(2) and 1692e(7).

38. By threatening to go after Plaintiff for the full amount of the alleged debt and/or to pull Plaintiff's credit report during these July 6th collection calls, Defendant threatened to take actions that could not legally be taken or that were not intended to be taken, and used false, deceptive and unfair means in an effort to collect this debt from Plaintiff in further violation of the FDCPA at 15 U.S.C.

§§ 1692e(5), 1692e(10), and 1692f, amongst other provisions.

39. Several days later, on or about July 11, 2017, Plaintiff received a letter from Defendant that said the $250 payment would be taken out of her account on July 7, 2017.

40. However, Plaintiff did not see that the $250 payment was taken out, so she called Defendant back to find out if they were still planning to take the payment.

41. During this July 11, 2017 call, Plaintiff spoke with another collection agent for Defendant about this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

42. In response to Plaintiff's question about the $250 payment, Defendant's collector said that the letter was sent before the payment was scheduled to be taken out and that the payment had been cancelled, or words to that effect.

43. Defendant's collector continued, however, by telling Plaintiff that she made a big mistake and now instead of paying $500, she would be paying $8,400, or words to that effect.

44. Plaintiff then apologized to Defendant's collector.

45. Defendant's collector told Plaintiff that she needed to apologize to the other collection agent she spoke with, "Rebecca," and to ask "Rebecca" for her forgiveness to see if Defendant would let her settle again, or words to that

effect.

46. Defendant's collection agent was then going to transfer Plaintiff to this Rebecca's voicemail, but Plaintiff could not get herself to leave a message.

47. Plaintiff hung up feeling like she was the big joke at Defendant's office and that Defendant's collectors were just trying to make her suffer.

48. These communications left Plaintiff feeling shaken, stressed, and unable to sleep or function properly at work.

49. Again, during this July 11, 2017 collection call, Defendant was unfair with Plaintiff and used language that insulted, abused and disgraced her in violation of multiple provisions of the FDCPA, including 15 U.S.C. §§ 1692d(2), 1692e(7), and 1692f.

50. Defendant's above-described collection communications to Plaintiff were abusive, harassing, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(2), 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(10), and 1692f, amongst others.

### *Summary*

51. These collection communications made to Plaintiff by Defendant, and the collection employees employed by Defendant, were made in violation of

numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

52. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

53. Defendant's attempt to make electronic funds transfers from Plaintiff's bank account in violation of the EFTA, and its abusive and disrespectful communications with Plaintiff while collecting this debt, were deceptive and unfair attempts to collect this debt that materially impeded Plaintiff's capacity to effectively consider settling this debt, and which affected and frustrated her ability to intelligently respond to Defendant's collection efforts because she was so shaken and upset about how Defendant treated her.

54. Plaintiff suffered concrete and particularized harm because her legally-protected consumer rights to be treated fairly and respectfully under the FDCPA were violated by Defendant when it misled her about her rights under the EFTA, abused and mocked her over the phone, and threatened her with credit reporting damage and a lawsuit for the full amount of the debt.

55. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of crying, nausea, stress, loss of sleep, loss of work function, anger, frustration, and confusion.

## *Respondeat Superior Liability*

56. The acts and omissions herein of the individuals employed to collect debts by Defendant, and the other debt collectors employed as agents of Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

57. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

58. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant.

59. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in its attempts to collect this debt from Plaintiff.

## **TRIAL BY JURY**

60. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

63. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

**BARRY & HELWIG, LLC**

Dated: July 31, 2017

By: s/ Patrick J. Helwig
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone: (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com

*Attorney for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA         )
                           ) ss
COUNTY OF HENNEPIN         )

Pursuant to 28 U.S.C. § 1746, Plaintiff Ann Belew verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___07___  ___31___, ___2017___
              Month      Day        Year

_____Ann Belew_____
Signature